Receipt number 9998-5152062

**UNITED STATES COURT OF FEDERAL CLAIMS**

-------------------------------------------------------------X

I.P., A.C., S.W., D.W., P.V., M.R., R.C.,
K.W., B.G., and R.H., individually and on
behalf of all others similarly situated,

                  **COMPLAINT**

          **Plaintiffs,**

   -against-                 **No.:** **19-95 C** _____

**THE UNITED STATES OF AMERICA,**        **Collective Action**

          **Defendant.**

-------------------------------------------------------------X

Plaintiffs I.P., A.C., S.W., D.W., P.V., M.R., R.C., K.W., B.G., and R.H. (collectively, "Plaintiffs")[1], on behalf of themselves and all others similarly situated, by and through their counsel, Bell Law Group PLLC, as and for their Complaint in this action against Defendant United States of America ("Defendant"), hereby allege as follows:

### PRELIMINARY STATEMENT

1.     This action is brought to redress Defendant's unlawful wage practices.

2.     In particular, Defendant failed to pay Plaintiffs and all others similarly situated proper overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

3.     Plaintiffs' claims under the FLSA are brought as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and on behalf of all other similarly situated persons who have been prohibited from working by their employer, during the December 2018 government shutdown except that they were classified as "essential employees" or "excepted

---

[1] Plaintiffs' names have been redacted in order to protect their identities, as they are Federal Air Marshals.

employees" (jointly referred to as "FLSA Collective Members"). These FLSA Collective Members were not paid for work between December 22, 2018 to present and ongoing (the "FLSA Collective Period") on their regularly scheduled payday.  As a result, Plaintiffs have not been paid the minimum wage for each hour worked since December 22, 2018, or many Plaintiffs were paid less than $311.75 (the weekly minimum wage of $7.25 an hour times 43 hours a week) for work performed during the FLSA Collective Period.

4.      Plaintiffs seek liquidated damages under the Fair Labor Standards Act, 29 U.S.C. Section 201 *et seq.* for themselves and all FLSA Collective Members at the rate of $7.25 per hour times the number of hours worked during the FLSA Collective Period, or in an amount equal to the difference between $311.75 and the amount paid on the Scheduled Payday for work performed during the week.

5.      Additionally, all FLSA Collective Members who are classified as non-exempt from the overtime requirements of the FLSA were not paid on their Scheduled Payday for work performed during the FLSA Collective Period in excess of the applicable overtime thresholds. Plaintiffs seek liquidated damages under the FLSA for themselves and all FLSA Collective Members in the amount of any overtime payments to which they were entitled on the Scheduled Payday.

## JURISDICTION AND VENUE

6.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 149(a)(1), inasmuch as this is a claim against the United States founded on an Act of Congress and for damages in a case not sounding in tort.

## PARTIES

7.      Plaintiff I.P. is an employee of Defendant classified as FLSA non-exempt Federal Air Marshal ("FAM") in the Transportation Security Administration ("TSA") within the Department of Homeland Security ("DHS") during the FLSA Collective Period.  Plaintiff I.P. performed work for Defendant since December 22, 2018 and ongoing for which Plaintiff I.P. was not compensated on the Scheduled Payday.

8.      Plaintiff A.C. is an employee of Defendant classified as FLSA non-exempt FAM in the TSA within the DHS during the FLSA Collective Period.  Plaintiff A.C. performed work for Defendant since December 22, 2018 and ongoing for which Plaintiff A.C. was not compensated on the Scheduled Payday.

9.      Plaintiff S.W. is an employee of Defendant classified as FLSA non-exempt FAM in the TSA within the DHS during the FLSA Collective Period.  Plaintiff S.W. performed work for Defendant since December 22, 2018 and ongoing for which Plaintiff S.W. was not compensated on the Scheduled Payday.

10.      Plaintiff D.W. is an employee of Defendant classified as FLSA non-exempt FAM in the TSA within the DHS during the FLSA Collective Period.  Plaintiff D.W. performed work for Defendant since December 22, 2018 and ongoing for which Plaintiff D.W. was not compensated on the Scheduled Payday.

11.      Plaintiff P.V. is an employee of Defendant classified as FLSA non-exempt FAM in the TSA within the DHS during the FLSA Collective Period.  Plaintiff P.V. performed work for Defendant since December 22, 2018 and ongoing for which Plaintiff P.V. was not compensated on the Scheduled Payday.

12.     Plaintiff M.R. is an employee of Defendant classified as FLSA non-exempt FAM in the TSA within the DHS during the FLSA Collective Period.  Plaintiff M.R. performed work for Defendant since December 22, 2018 and ongoing for which Plaintiff M.R. was not compensated on the Scheduled Payday.

13.     Plaintiff R.C. is an employee of Defendant classified as FLSA non-exempt FAM in the TSA within the DHS during the FLSA Collective Period.  Plaintiff R.C. performed work for Defendant since December 22, 2018 and ongoing for which Plaintiff R.C. was not compensated on the Scheduled Payday.

14.     Plaintiff K.W. is an employee of Defendant classified as FLSA non-exempt FAM in the TSA within the DHS during the FLSA Collective Period.  Plaintiff K.W. performed work for Defendant since December 22, 2018 and ongoing for which Plaintiff K.W. was not compensated on the Scheduled Payday.

15.     Plaintiff B.G. is an employee of Defendant classified as FLSA non-exempt FAM in the TSA within the DHS during the FLSA Collective Period.  Plaintiff B.G. performed work for Defendant since December 22, 2018 and ongoing for which Plaintiff B.G. was not compensated on the Scheduled Payday.

16.     Plaintiff R.H. is an employee of Defendant classified as FLSA non-exempt FAM in the TSA within the DHS during the FLSA Collective Period.  Plaintiff R.H. performed work for Defendant since December 22, 2018 and ongoing for which Plaintiff R.H. was not compensated on the Scheduled Payday.

17.     Defendant United States of America is an "employer" and "public agency" within the meaning of 29 U.S.C. § 203(d), (x), and all other relevant statutes.

## FACTUAL ALLEGATIONS

18.     Defendant was subject to a partial shutdown from December 22, 2018 to present and remains on a partial shutdown at the time of filing this Complaint.

19.     The partial shutdown did not affect members of the military, employees who were "exempted" from the shutdown because their positions are not funded by annually appropriated funds, such as the Postal Service and the Federal Reserve, or Presidential appointees who are not covered by the leave system in 5 U.S.C. chapter 63.

20.     Defendant designated all of its civilian employees in agencies and positions that were affected by the partial shutdown either as Essential Employees or as Non-Essential Employees.  Essential Employees were required to report to work and perform their normal duties, but were not compensated for their work performed on or after December 22, 2018 and will not be compensated until such time that the partial shutdown ends and their next scheduled payday occurs.

21.     Upon information and believe, there are approximately 420,000 Essential Employees, including each Plaintiff, during the partial shutdown of December 2018.

22.     The FLSA Collective Members are typically paid biweekly.

23.     For most or all of the FLSA Collective Members, the first pay period affected by the partial shutdown commenced Sunday December 9, 2018 and ended Saturday, December 22, 2018 because upon information and belief employees were not paid for work performed on December 22, 2018.

24.     None of the FLSA Collective Members, including Plaintiffs, were paid on their Scheduled Payday for work performed during the FLSA Collective Period.  Indeed, as of the

filing of the Complaint, none of the FLSA Collective Members are aware of when they are expected to be paid by Defendant.

25.     As a result, the FLSA Collective Members, including Plaintiffs, have not been paid for work performed between December 22, 2018 to present, which dates when payment was due have passed in violation of the FLSA.

26.     The FLSA Collective Members are paid pursuant to schedules that permit their pay rates to be calculated as a certain amount per hour.

27.     The FLSA Collective Members, on their Scheduled Payday, receive information showing the amount received for work performed during the week.

28.     The minimum wage applicable to FLSA Collective Members is $7.25 per hour, or $311.75 for a forty-three hour week.

29.     Many members were paid less then $311.75 for work performed during the week.

30.     If compliance with the FLSA's minimum wage is evaluated on a weekly basis then Defendant paid many members of the FLSA Collective less than minimum wage on the Scheduled Payday.

31.     Defendant conducted no analyses to determine whether its failure to pay members of the FLSA Collective the minimum wage for work performed during the FLSA Collective Period complied with the FLSA and relied on no authorities indicating that its failure to pay FLSA Collective Members the minimum wage for work performed during the FLSA Collective Time Period complied with the FLSA.

32.     Defendant's violation of the FLSA described above is willful, and in conscious or reckless disregard of the requirements of the FLSA.

33.     As a result of the actions alleged above, the FLSA Collective, including the

Plaintiffs, have suffered monetary damages and are entitled to liquidated damages.


**FLSA COLLECTIVE MEMBERS CLASSIFIED AS NON-EXEMPT
FROM THE FLSA OVERTIME PROVISIONS**

34.     Defendant is obligated to pay overtime pay for work performed in excess of

applicable thresholds which may differ for FLSA non-exempt employees classified as law

enforcement employees or fire fighters than for other FLSA non-exempt employees.  For

overtime work performed during the FLSA Collective Time Period, the FLSA obligated

Defendant to make such overtime payments on the Scheduled Payday.

35.     Defendant did not pay non-exempt FLSA Collective Members on the Scheduled

Payday for work in excess of the applicable overtime thresholds performed during the FLSA

Collective Time Period.

36.     Defendant conducted no analyses to determine whether its failure to pay non-

exempt FLSA Collective Members overtime pay for work performed during the FLSA

Collective Time Period complied with the FLSA and relied on no authorities indicating that it

could fail to pay overtime to non-exempt FLSA Collective Members on the Scheduled Payday.

37.     Defendant's violation of the FLSA described above is willful, and in conscious or

reckless disregard of the requirements of the FLSA.

38.     AS a result of the actions alleged above, the non-exempt FLSA Collective

Members, including Plaintiffs, have suffered monetary damages and are entitled to liquidated

damages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

39.     Plaintiffs bring their FLSA claims as a collective action pursuant to the FLSA on behalf of themselves and on behalf of the FLSA Collective. Defendant uniformly failed to pay Plaintiffs and many or all FLSA Collective Members throughout the United States minimum wages and overtime wages on their Scheduled Payday.

40.     The amount of liquidated damages due Plaintiffs and other Essential Employees, and the amount of unpaid overtime and liquidated damages due Essential Employees who worked overtime during the FLSA Collective Time Period, can be computed for all Essential Employees using the same methodologies and Defendant's payroll records and employee data.

41.     Based on reports in various sources, Plaintiff are informed and believe that there are approximately 420,000 FLSA Collective Members who were affected by the actions and failure to act alleged here.  A collective action is the most efficient means for resolution of the claims alleged.

42.     Defendant should be required to give electronic notice of this collective action to all Essential Employees at their work email addresses using Court-approved language because of the large number of Essential Employees and the ease with which the Defendant may communicate with them electronically at those email addresses.

## FIRST CAUSE OF ACTION
### (Failure to Pay Timely Wages)

43.     Plaintiffs, on behalf of themselves and the FLSA Collective, hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

44.     Defendant failed to pay FLSA Collective Members for work performed during the

FLSA Collective Time Period on the Scheduled Payday. As a result, the FLSA Collective

Members were paid less than minimum wage if the obligation is determined on an hourly or

daily basis, and many were paid less than minimum wage if the obligation is determined on a

weekly basis.

45.     Defendant's failure to pay the FLSA Collective Members minimum wage on their

Scheduled Payday violated the FLSA. Defendant's violation was willful, and in conscious or

reckless disregard of the requirements of the FLSA.

46.     Defendant's violations of the FLSA have significantly damaged Plaintiffs and the

FLSA Collective including monetary damages, and are entitled to liquidated damages.


### SECOND CAUSE OF ACTION
### (Failure to Pay Overtime)

47.     Plaintiffs, on behalf of themselves and the FLSA Collective, hereby repeat and re-

allege each and every allegation as contained in each of the preceding paragraphs as if fully set

forth and contained herein.

48.     Defendant failed to pay overtime to Plaintiffs and the FLSA Collective classified

as non-exempt from the FLSA overtime provisions who worked in excess of the applicable

threshold for overtime pay during the FLSA Collective Time Period.

49.     FLSA Collective Members classified as non-exempt from the FLSA's overtime

provisions worked in excess of the applicable threshold for overtime pay.

50.     Defendant violated the FLSA by failing to pay overtime pay on the Scheduled

Payday to the FLSA Collective Members classified as non-exempt from the FLSA's overtime

provisions who worked in excess of the applicable threshold for overtime pay. Its violation was willful, and in conscious or reckless disregard of the requirements of the FLSA.

51.     Defendant's violations of the FLSA have significantly damaged Plaintiffs and the FLSA Collective including monetary damages, and are entitled to liquidated damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, on behalf of themselves and the FLSA Collective, respectfully request that this Court:

A.     Declare that the practices complained of herein are unlawful under applicable Federal law, that the violations were not in good faith and that Defendant did not have reasonable grounds for believing that its acts complied with its obligations under the FLSA, and that the violations were willful;

B.     Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. § 216, and direct Defendant to provide electronic notice to all members of the FLSA Collective or, in the alternative provide Plaintiffs with a list of all persons who were/are employed by Defendant in similar positions to Plaintiffs during the FLSA Collective Period, including all last known addresses, telephone numbers and e-mail addresses of each such person so Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

C.     Determine the damages sustained by Plaintiffs and the FLSA Collective as a result of Defendant's violations of the FLSA including violations of the overtime provisions, and award those damages against Defendant and in favor of Plaintiffs and the FLSA Collective, monetary damages in the form of liquidated damages under the FLSA equal to an amount that

which they should have been paid to satisfy the FLSA's minimum wage requirements on the Scheduled Payday for the work performed during the Week;

       D.     Award Plaintiffs and the FLSA Collective Members monetary damages equal to the difference between what they were paid for overtime hours worked and the one and one-half times their regular rate amount owed pursuant to the FLSA, together with liquidated damages equal to that amount;

       E.     Award Plaintiffs and the FLSA Collective Members pre- and post-judgment interest on the amounts owed;

       F.     Award Plaintiffs and the FLSA Collective Members their reasonable attorneys' fees to be paid by Defendant, and the costs and disbursements of this action; and

       G.     Grant such other legal and equitable relief as may be just and proper.

## JURY DEMAND

Plaintiffs, on behalf of themselves and on behalf of the FLSA Collective, hereby demand a trial by jury on all issues of fact and damages.

Dated: January 17, 2019
       Garden City, New York

              Respectfully submitted,

              _____/s/_____
              Jonathan Bell
              BELL LAW GROUP, PLLC
              100 Quentin Roosevelt Blvd.
              Suite 208
              Garden City, NY 11530
              (516) 280-3008 Phone
              (516) 706-4692 Fax
              jb@belllg.com

              *Attorneys for Plaintiffs*